UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY E. LAWRENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-088** |
| **DET. COREY LYMOUS, ET AL.** | **SECTION: "K"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Larry E. Lawrence, a state pretrial detainee, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Detective Corey Lymous and the Orleans Parish District Attorney. Plaintiff claims that false criminal charges have been filed against him and that he should be released from detention. In connection with the complaint, plaintiff has also filed a separate motion asking that this Court enjoin his state criminal prosecution.[1]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] Rec. Doc. 4.

>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

Although broadly construing plaintiff's complaint,[3] the undersigned nevertheless recommends that, for the following reasons, plaintiff's claim against the Orleans Parish District Attorney be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief. The undersigned further recommends that plaintiff's motion for an injunction be denied and that his claim against Detective Corey Lymous be stayed.

Plaintiff alleges that he was arrested on February 5, 2004, for first degree murder and has been detained pending trial since that time.[4] The Orleans Parish District Attorney's Office has opposed his release from detention. Plaintiff further alleges that Detective Corey Lymous filed an additional "bogus, baseless charge" of aggravated rape against him on October 31, 2007.[5]

To the extent that plaintiff is suing the Orleans Parish District Attorney for prosecuting him and opposing his release pending trial, the District Attorney is protected against any claim for monetary damages by absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4] According to the Orleans Parish Criminal Court records available online, a pretrial conference is set in the case for February 1, 2008.

[5] In support of his contention that the aggravated rape charge is patently baseless and brought in bad faith, plaintiff argues that he could not have committed the offense because he was incarcerated on October 31, 2007. Plaintiff ignores the fact that the police report, which is attached to the complaint, indicates that the rape occurred "approximately five years" before the crime was reported in 2007.

extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). If plaintiff believes that the actions being taken in his prosecution are improper, his recourse is to challenge those actions in the state court proceedings, not to sue the District Attorney in a federal civil rights action.

To the extent that plaintiff is seeking release pending his state criminal trial, that relief is not available in a federal civil rights action. When a state inmate challenges the very fact or duration of his physical imprisonment, and the relief he seeks is immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. Boyd, 31 F.3d at 283 n.4 (quotation marks omitted). If plaintiff wishes to pursue that form of relief, he should do so by attempting to file a federal *habeas corpus* petition *after* exhausting his remedies in state court.[6]

---

[6] Further, out of an abundance of caution, the Court notes that it would be futile to broadly construe the complaint as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241. It is clear that a petitioner seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts. The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
>
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts'

To the extent that plaintiff is asking that this Court enjoin the state criminal prosecutions,[7] that relief is clearly unwarranted. The United States Supreme Court has noted:

> The Court has recently reaffirmed the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief." Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

> opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. Petitioner has not met that requirement. On January 4, 2008, chambers staff contacted the Clerk of the Louisiana Supreme Court by telephone and confirmed that petitioner has filed no applications with that court relating to this prosecution. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon petitioner's claims, the claims would not be exhausted. Accordingly, the interests of comity and abstention recognized in Dickerson and Braden would be offended if this Court were to address the claims. Federal intervention at this juncture would only serve to disrupt the state judicial processes.

---

[7] Rec. Doc. 4.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974).   In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted).  A criminal defendant prejudiced by misconduct in his particular state court criminal proceeding finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for appellate and supervisory review in the state courts or, in appropriate circumstance, by filing a petition for *habeas corpus* relief in federal court.

To the extent that plaintiff is suing Detective Corey Lymous for false arrest and/or malicious prosecution on the aggravated rape charge, that claim should be stayed until the state criminal proceedings on the charge are concluded.[8]  Indeed, if plaintiff had already been convicted on that charge, this Court would be barred from considering plaintiff's claims by Heck v. Humphrey, 512 U.S. 477 (1994).[9]  However, the United States Supreme Court recently made clear that Heck does

---

[8] According to the Orleans Parish Criminal Court records available online, a preliminary hearing was held on December 18, 2007, on the aggravated rape charge and probable cause was established. A Rule to Show Cause is currently set for hearing on April 9, 2008.

[9] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

6

not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007) (emphasis in original). Nevertheless, the Supreme Court likewise made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. (citations omitted). Therefore, under that reasoning, plaintiff's claim against Lymous should be stayed.

---

> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Heck bars claims for false arrest and malicious prosecution until such time as plaintiff obtains a favorable disposition on the underlying criminal charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Orleans Parish District Attorney be **DISMISSED WITH PREJUDICE** as pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that plaintiff's motion for an injunction, Rec. Doc. 4, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's claim against Corey Lymous be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal prosecution is concluded, so that the claim against Detective Corey Lymous may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of January, 2008.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**